UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| TIMETHY BELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-cv-04015-SLD |
| | ) |
| GREGORY SCOTT, Program Director at Rushville Treatment and Detention Facility, | ) ) ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

Before the Court are Petitioner Timothy Bell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1; Respondent's motion to dismiss that petition, ECF No. 12; Bell's motion for a status update, ECF No. 17; his renewed motion to request counsel, ECF No. 18; and his motion for a ruling on his motion for appointment of counsel, ECF No. 19.   For the reasons that follow, the motion to dismiss is GRANTED and the petition DISMISSED; the other motions are MOOT, except for the motion for appointment of counsel, which is DENIED.

## BACKGROUND[1]

Bell was civilly committed as a sexually violent person after a jury trial in Cook County, Illinois.   *See* Judgment and Commitment Order, *In re Commitment of Bell*, No. 06 CR 80007 (Cir. Ct. Cook Cnty. Oct. 18, 2007), ECF No. 14.   Meanwhile, Bell had been charged with aggravated battery in Illinois for having bitten a security guard on the hand.   Petition 1.   He pleaded guilty to the charge and received a four year sentence.   *Id.* at 2.   On May 6, 2008, he challenged his

---

[1] The facts listed here are drawn from Respondent's motion to dismiss, except where otherwise noted.

1

adjudication as a sexually violent person in Illinois court, on the basis that the court that had civilly committed him lost jurisdiction once he was charged with the aggravated battery stemming from the biting incident. *Id.* Later in 2008, Bell's court-appointed attorney withdrew the motion, assertedly against Bell's will; Bell challenged the withdrawal and sought to have his attorney removed from representation, but to no avail. *Id.*

Bell then challenged his adjudication as a sexually violent person in a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 14, 2009, Judge Shadur, of the Northern District of Illinois, denied the petition on the merits. *See Bell v. Mathy*, 08 C 5622 (N.D. Ill. 2009); ECF No. 13. Petitioner filed the instant petition on January 15, 2016.

## DISCUSSION

Bell argues that the Illinois court responsible for civilly committing him erred in determining that it had not sacrificed its jurisdiction over him when he was charged with or sentenced for the biting incident. Petition 3–4. Respondent replies that Bell's petition is a successive petition for relief under 28 U.S.C. § 2254, and must be denied for want of jurisdiction.

**I.    Legal Standard on a Petition for Issuance of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254**

District courts may entertain applications for the writ of habeas corpus by persons in custody of a State in violation of the Constitution. 28 U.S.C. § 2254(a). However, such applications raising claims already presented in a petition for relief under § 2254 will be dismissed. *Id.* § 2244(b)(1). A claim not raised in a prior § 2254 application, and then raised in a successive application, will still be dismissed unless the petitioner could not have discovered its factual basis via due diligence, and unless the facts, if proven true, would establish by clear and

convincing evidence, that, but for a constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. *Id.* § 2244(b)(2)(B). On a successive application, even if the claim for relief was not presented in the previous petition, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the renewed application. *Id.* § 2244(b)(3)(A). If a petitioner does not do so, the district court lacks jurisdiction to consider his petition. *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006).

**II.    Analysis**

Bell's petition is successive, since he already challenged his civil commitment via a habeas petition in 2009. He requires authorization from the Seventh Circuit Court of Appeals, which he lacks. Therefore, this court does not have jurisdiction to consider his claim. *See Lambert*, 449 F.3d at 777.

In response to Respondent's motion to dismiss, Bell argues that his petition is not successive, but rather a new attack on his "re-detention" in civil commitment after he finished serving his term of incarceration for the biting incident. Resp. Mot. Dismiss 2, ECF No. 16. It is true that a § 2254 petition is not automatically "second or successive" within the meaning of § 2244(b) merely because it attacks the same state court judgment as an earlier such petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."). However, Congress clearly countenanced the possibility that a § 2254 claim could be "second or successive" even when it contains particular claims seeking to invalidate a judgment that are based on new evidence, or evidence not available to a petitioner in his first attack on a judgment. *See* 28

3

U.S.C. § 2244(b)(2)(B); *Magwood v. Patterson*, 561 U.S. 320, 334–36 (2010) (explaining that "second or successive" refers to applications for habeas relief, and not individual claims, and that accordingly, in order to give sense to the statutory text, *applications* may be able to be successive even when they contain *claims* that are not). Here, Bell seeks to challenge his already-challenged civil commitment, and although he maintains that the challenge is based on a separate set of facts than those which formed the basis of his earlier petition, it is clear that this petition seeks to challenge the validity of the same judgment attacked by the earlier petition, and that there is nothing exceptional about this second claim that would warrant the Court's not treating it as successive, in the sense that the Seventh Circuit must give its approval before this Court may even consider Bell's petition. Bell must receive authorization to make this successive petition from the Seventh Circuit before lodging it with this Court.[2] 28 U.S.C. § 2244(b)(3)(A).

The Court notes that the events for which Bell now seeks a remedy—the denial of his attempt to make this argument in Illinois court in 2008—preceded the filing of his original habeas petition in 2009, making it unlikely that a successive petition would be permitted as being based on facts excusably not then in his possession. 28 U.S.C. § 2244(b)(2)(B). But the Court lacks jurisdiction to rule on that question, as explained above.

One final matter. Bell once again moves for appointment of counsel. However, in support of his application he only repeats arguments that the court has rejected. "[P]arties to civil litigation have no right to counsel," *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004), and

---

[2] The occasions where the Supreme Court has found a later § 2254 petition challenging the same state court judgment not to be "second or successive" are exceptional and not applicable here. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (reversing district court's dismissal because application was not successive when the initial petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998) (affirming appellate court's holding that a later habeas petition was not successive when it renewed a claim from the original petition that was not ripe when originally filed).

Bell has not shown, as the Court previously explained to him he must, why he is unable to litigate this matter himself. That Bell has 'little general education, and no legal education at all," Mot. Appoint Counsel 3, is not sufficient reason for this Court to appoint him counsel. Bell's motion for appointment of counsel is again denied.

## CONCLUSION

Accordingly, Respondent's motion to dismiss, ECF No. 12, is GRANTED, and the petition, ECF no. 1, DISMISSED. Petitioner's motion for status update, ECF No. 17, and his motion for ruling, ECF No. 19, are MOOT. His motion to request counsel, ECF No. 18, is again DENIED. If Bell wishes to proceed with his case, he most obtain permission from the Seventh Circuit Court of Appeals to bring a successive habeas petition, as explained herein.

ENTERED:  December 13, 2016

s/Sara Darrow<br>SARA DARROW<br>UNITED STATES DISTRICT JUDGE